UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Gary Lewis,<br><br>  Plaintiff<br><br>v.<br><br>Stephen Rogers, et al.,<br><br>  Defendants | Case No. 2:25-cv-01893-CDS-MDC<br><br>**Order Denying Plaintiff's Motion for Leave to File Excess Pages and Striking Plaintiff's Motion for Remand**<br><br>[ECF Nos. 13, 14] |

Plaintiff Gary Lewis moves for leave to file excess pages in support of his motion for remand. Mot., ECF No. 13. Defendant United Automobile Insurance Company opposes the motion. Opp'n, ECF No. 21. For the reasons set forth herein, the motion is denied, and as a result, Lewis's motion to remand is stricken without prejudice.

I.  **Background**

This case is the latest iteration of litigation brought by Lewis stemming from a car accident that occurred almost 20 years ago—in 2007. *See* Pet., ECF No. 1 at 3, ¶ 13. Lewis initiated this action in state court, but it was removed by the defendants on October 3, 2025. ECF No. 1. Lewis has filed a motion for remand (ECF No. 14), and related to the remand motion, a motion for leave to file excess pages (ECF No. 13).[1] Lewis contends that he needs excess pages because the defendants "have made false assertions and filed/attached irrelevant and inappropriate pleadings to" the removal petition and misrepresented "facts," making it impossible to comply with the Local Rules. *See* ECF No. 13.

---

[1] Lewis also files an alternative motion to remand, should the motion for leave to file excess pages be denied. ECF No. 16.

II. Discussion

"The court looks with disfavor on motions to exceed page limits, so permission to do so will not be routinely granted. A motion to file a brief that exceeds . . . page limits will be granted only upon a showing of good cause" and "must be filed before the motion or brief is due." Local Rule 7-3(c). The moving party must also state the number of additional pages requested, which Lewis's motion fails to do. *Id.* Lewis did not file a declaration "stating in detail the reasons for, and number of, additional pages requested." *Id.* Nor did he include a table of contents and authorities in his motion to remand, as required by the same rule. Lewis's failure to comply with LR 7-3(c) is reason enough to deny the motion for leave to file excess pages. However, I also deny it because Lewis fails establish good cause for his request.

Lewis contends that it is "impossible to comply with the Local Rules" based on the allegations in the removal petition. I disagree. As a threshold matter, the font utilized by Lewis is larger than necessary. The local rules require that pleadings use "size 12 font *or* larger."[2] Thus, by using a font size larger than size 12, Lewis's motion was longer than necessary. And if the removal petition contains "irrelevant" pleadings—which Lewis alleges is the case here—then there is no need to cite them in the remand motion. To the degree that the petition contains "inappropriate pleadings, or asserts inaccurate facts," there is no reason why counsel cannot distill them down and then address them in a non-oversized brief. Certainly, the fact that litigation related to this action has been pending for almost 20 years complicates summarizing facts. But counsel should nevertheless be able to properly summarize relevant information so this court can determine if remand is warranted.

Lewis has essentially confessed that he has taken the "kitchen sink" approach to attacking the petition for removal.[3] This imposes a substantial burden on the court. *See Finisar*

---

[2] *See* LR IA 10-1(a)(3) (emphasis added).
[3] As an example, the motion for excess pages states that "Defendants have also filed Notice of "Related Cases" that is inaccurate and inappropriate." ECF No. 13 at 3. It is unclear why this information is relevant to a jurisdictional question. Stated otherwise, there is simply no reason to address it in a motion for remand.

2

*Corp. v. Nistica, Inc.*, 2015 U.S. Dist. LEXIS 158891, at *4–5 (N.D. Cal. Nov. 24, 2015) (cautioning that parties should not take a "kitchen sink" approach to filing motions where every conceivable ground for relief is included in the motion); *see also United States v. Ruiz-Rivera*, WL 4260949, at *2 (S.D. Cal. July 23, 2020) ("Filing briefs with such a large number of pages, many of which appear to contain argument that is cut and pasted from other cases and not tailored to the specifics of this case, imposes a substantial burden on the Court."). There is no reason for the procedural and factual background section in a remand motion to be over 30 pages long, especially given the argument in support of remand is barely two pages. *See* ECF No. 14 at 36–38. Indeed, much of Lewis's motion for remand is directed at complaining about the language used by the defendants in their petition for removal instead of facts relevant to a jurisdictional analysis. *See, e.g.*, ECF No. 14 at 5–35.

I respect Lewis's right to be heard. However, I require Lewis to succinctly state his positions within the page limitations and parameters set forth in the Local Rules. Because I deny Lewis's motion for leave to file excess pages, I strike the pending motion for remand without prejudice.

### III. Conclusion

IT IS HEREBY ORDERED that the plaintiff's motion for leave to file excess pages **[ECF No. 13] is DENIED**.

IT IS FURTHER ORDERED that plaintiff's motion for remand **[ECF No. 14] is STRICKEN without prejudice**. This order does not apply to plaintiff's second motion for remand, docketed at ECF No. 16.

Dated: November 14, 2025

_____
Cristina D. Silva
United States District Judge