UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Gary Lewis, | Case No. 2:25-cv-01893-CDS-MDC |
| Plaintiff | **Order Granting Plaintiff's Motion to Remand and Denying as Moot the Defendant's Motion to Dismiss and Stay, and Plaintiff's Motions for Summary Judgment** |
| v. | |
| United Automobile Insurance Company, et al., | |
| Defendants | [ECF Nos. 4, 16, 19, 38, 40, 41] |

Plaintiff Gary Lewis brings a legal malpractice action against defendant Stephen Rogers and the Rogers Mastrangelo Carvalho & Mitchell, Ltd. law firm, and a breach of contract claim against defendant United Automobile Insurance Company (UAIC). Compl., Def.'s Ex. 1, ECF No. 1-2. Lewis originally filed this complaint in the Eighth Judicial District Court, Clark County, Nevada on June 11, 2025. *See id.*[1] On October 3, 2025, UAIC removed the case to this court based on diversity of citizenship and asserting fraudulent joinder. Pet. for removal, ECF No. 1. Lewis then filed a motion to remand. Mot., ECF No. 16. That motion is fully briefed. *See* Opp'n, ECF No. 23; Reply, ECF No. 25. For the reasons herein, I find UAIC's removal was untimely, so I reluctantly grant Lewis's motion to remand.[2]

**I.    Background**[3]

As alleged, UAIC had a duty to protect and defend Lewis from judgments against him arising out of a 2007 accident where Cheyenne Nalder was injured on Lewis's property. ECF No. 1-2 at 6, ¶¶ 24–25. Nalder retained David Stephen as counsel to obtain an amended judgment

---

[1] The state case number is A-25-920895-C, Department 18. *See* State court docket, Def.'s Ex. 3, ECF No. 1-4 at 2.

[2] Also pending before the court are the defendants' motions to dismiss (ECF Nos. 4, 19); the plaintiff's motions for summary judgment (ECF Nos. 38, 40); and the defendants' joint motion to stay discovery (ECF No. 41). Because I grant the motion to remand, these remaining motions are denied as moot.

[3] Unless otherwise noted, the court only cites to Lewis's complaint (ECF No. 1-2) to provide context to this action, not to indicate a finding of fact.

against Lewis in Nevada Eighth Judicial District Court Case No. 07A549111, entered on March 28, 2018, due to UAIC's failure to defend Lewis. *Id.* at 3–4.

Nalder also retained counsel in California, securing a judgment against Lewis on July 24, 2018, in Case No. KS021378, in the amount of $5,660,433.52. *Id.* at 4, ¶ 10. Lewis alleges that these judgments were proximately caused by UAIC's failure to protect and defend Lewis, who was insured by UAIC at the relevant time. Because of UAIC's failures, Nalder was able to pursue an action against Lewis for a $3.5 million state court judgment. *Id.* at ¶ 11. As further alleged, on August 1, 2018, UAIC and Rogers conspired to misinform Lewis that Rogers was defending him in the new litigation and regarding the 2018 judgments obtained by Nalder. *Id.* at ¶ 12.

Lewis also asserts that Rogers owed him a duty to exercise reasonable care, skill, and diligence in his representation, including investigating Lewis's liability, advising him of facts and law, and evaluating defenses and claims against UAIC. *Id.* at 4, ¶ 13. He further alleges that UAIC had a contractual duty to defend him, and it breached this duty by misrepresenting to courts that the California judgment was invalid, causing the dismissal of Lewis's claims against UAIC in December 2023, refusing to relieve or compensate Lewis for the Nevada judgment, which was renewed in 2024, all of which continues to financially damage him. *Id.* at 6–7, ¶¶ 24, 26.

Based on the foregoing allegations, Lewis brought a legal malpractice claim against Rogers, a breach of contract claim against UAIC, and seeks compensatory and punitive damages. *See generally id.*

## II.    Legal standard

Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). When a case is filed in state court between parties who are citizens of different states, and the amount in controversy exceeds $75,000, the defendant may remove the case to federal court. 28 U.S.C. §§ 1332, 1441, 1446. But there is a strong presumption against removal jurisdiction, and "federal jurisdiction must be rejected if there is **any doubt** as to the

right of removal in the first instance." *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992) (emphasis added). The defendant always has the burden of establishing that removal is proper. *Id.*

"Diversity removal requires complete diversity, meaning that each plaintiff must be of a different citizenship from each defendant." *Grancare, LLC v. Thrower*, 889 F.3d 543, 548 (9th Cir. 2018) (citing *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996)). But "[i]n determining whether there is complete diversity, district courts may disregard the citizenship of a non-diverse defendant who has been fraudulently joined." *Id.* (citing *Chesapeake & O. R. Co. v. Cockrell*, 232 U.S. 146, 152 (1914)).

III.    Discussion

Because the court must have jurisdiction to address the pending motions, I first address the motion to remand.

**A.  Lewis's motion to remand (ECF No. 16) is granted.**

As a threshold matter, I first address whether the notice of removal was timely filed. Lewis argues that the defendant's removal is untimely as it was removed after the thirty-day deadline. ECF No. 16 at 6. Lewis contends that UAIC received a copy of and had actual notice of the summons and complaint on August 5, 2025, but it was untimely removed in October 2025. *Id.* In opposition, UAIC avers that Lewis sought a waiver of service and UAIC agreed, but Lewis did not file the waiver of service with the state court for several months until after UAIC removed the case to federal court. ECF No. 23 at 10. UAIC asserts that it signed a waiver of service on August 28, 2025, and returned the signed waiver to plaintiff's counsel on the same day. *Id.* at 11.

In reply, Lewis argues that UAIC untimely filed its removal on October 3, 2025, because it occurred more than 30 days after UAIC received actual notice of the complaint on August 5, 2025, and signed the waiver of service on August 28, 2025. ECF No. 25 at 3. Lewis contends that by signing the waiver, UAIC was "brought under the court's authority," triggering the thirty-day clock no later than August 28, 2025. *Id.* at 4 (citing *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999)).

3

"The notice of removal of a civil action . . . shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ." 28 U.S.C. § 1446(b)(1). Justice Ruth Bader Ginsburg explained in *Murphy Brothers v. Michetti Pipe Stringing, Inc.* that § 1446(b) must be interpreted "in light of [the] bedrock principle" that "[a]n individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." 526 U.S. at 347–48. Guided by this principle, the United States Supreme Court held in *Murphy Brothers* "that a named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, not by mere receipt of the complaint unattended by any formal service." *Id.* The Court reasoned that these are fair triggers for the removal clock because, "[i]n the absence of service of process (or waiver of service by the defendant), a court ordinarily may not exercise power over a party [that] the complaint names as a defendant." *Id.* at 350.

"[O]ne becomes a party officially, and is required to take action in that capacity," the Court continued, "only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Id.*[4] So "[u]nless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural and substantive rights." *Id.* at 351.

"The issue of the sufficiency of service of process prior to removal is strictly a state law issue." *Lee v. City of Beaumont*, 12 F.3d 933, 937 (9th Cir. 1993) *overruled on other grounds by Cal. Dep't of Water Resources v. Powerex Corp.*, 533 F.3d 1087 (9th Cir. 2008). Therefore, the court looks at state law to see if and when the defendant was properly served, thereby triggering the removal clock.

---

[4] UAIC states that the waiver of service provided that its response to the complaint would be due on October 6, 2025. ECF No. 23 at 11. So they contend that that was the date they were to appear and defend.

4

*McLeod v. Amica Gen. Agency*, 2015 U.S. Dist. LEXIS 189736, at \*5–6 (W.D. Wash. Oct. 29, 2015). In Nevada, Nevada Rule of Civil Procedure (NRCP) 4 spells out the method for effectuating service. *See generally* Nev. R. Civ. P. 4.

The parties do not dispute that UAIC signed the waiver of service on August 28, 2025. However, it is disputed when the clock started to run to file the notice of removal. UAIC cites to *Cooke v. Masterpharm*, LLC, 2010 WL 2490536 (D. Ariz. June 16, 2010), arguing that "[w]hen a party waives service, service of process is deemed to be effective from the time that the signed waiver is filed with the court." ECF No. 23 at 11. Indeed, in Arizona, Ariz. R. Civ. P. 4.2(d) explains that "[w]hen the plaintiff files a waiver of service with the court, the action shall proceed . . . as if the summons and complaint had been served at the time of filing the waiver." *See Lacey v. Malandro Commun., Inc.*, 2009 U.S. Dist. LEXIS 113993, at \*9–10 (D. Ariz. Dec. 8, 2009). Although the court understands UAIC's argument[5] relying on NRCP 4.1, it does not account for, nor address, NRCP 4(d) which provides that "**[u]nless a defendant** voluntarily appears or **waives** or admits **service, a plaintiff must file proof of service with the court** stating the date, place, and manner of service no later than the time permitted for the defendant to respond to the summons." Nev. R. Civ. P. 4(d) (emphasis added). Here, UAIC waived service, so there was no requirement to file proof of service. Thus, if this court were to accept UAIC's argument, a defendant could remove at any time until proof of service was filed in state court even though no proof is required. This is untenable. UAIC's reliance on NRCP 4.1(d) is unpersuasive. The removal clock starts ticking when there is an agreement to waive service of process. *See Pilger v. Potter*, 2021 U.S. Dist. LEXIS 101896, at \*9 (D. Nev. May 28, 2021).[6]

---

[5] UAIC cites to FRCP 4(d)(4) and NRCP 4.1(d) and states that NRCP 4.1(d) provides "[w]hen the plaintiff files a waiver, proof of service is not required, and these rules apply as if a summons and complaint had been served at the time of filing the waiver." ECF No. 23 at 11.

[6] *See also Russell v. Daniel N. Gordon, P.C.*, 2012 U.S. Dist. LEXIS 145401, at \*11 (E.D. Wash. Oct. 9, 2012) (finding that service was effectuated when the defendant formally signed and retuned the waiver of service); *McLeod*, 2015 U.S. Dist. LEXIS 189736, at \*8 (finding that service was properly waived when the defendant's attorney signed and returned acceptance of service).

Here, the thirty-day clock was triggered upon UAIC signing the waiver of service, not when UAIC initially received the complaint. Consequently, because UAIC filed its notice of removal more than thirty days after signing the waiver of service, its removal was untimely. Because I find that remand is necessary, I deny the parties' remaining motions (ECF Nos. 4, 19, 38, 40, 41) without prejudice.[7]

### B.  Lewis is not entitled to attorney's fees.

Lewis requests attorney's fees in connection with UAIC's alleged improper removal. ECF No. 16 at 8. "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). However, "courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal . . . ." *Garmong v. Maupin* (*In re Garmong*), 2023 U.S. App. LEXIS 26947, at *2 (9th Cir. Oct. 11, 2023) (internal citation omitted). "[R]emoval is not objectively unreasonable solely because the removing party's arguments lack merit, or else attorney's fees would always be awarded whenever remand is granted." *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1065 (9th Cir. 2008).

I find that Lewis is not entitled to attorney's fees for UAIC's removal. As argued, UAIC's decision to remove was objectively reasonable as it did not intend to prolong litigation or impose litigation costs on the plaintiff, nor were there any unusual circumstances warranting attorney's fees. ECF No. 23 at 13. I agree. While I found that removal was untimely, UAIC cited

---

[7] This court notes that UAIC's petition for removal contends that there has been fraudulent joinder. ECF No. 1 at 1. Lewis asserts in its motion for remand that he has asserted facially valid claims for legal malpractice and breach of contract based on acts and omissions by RMCM during UAIC's handling of Lewis's defense and coverage obligations. ECF No. 16 at 7. UAIC's opposes and asserts that there is improper joinder because neither Rogers nor RMCM actually represented Lewis, and even if they had, any claim for malpractice would be subject to a two-year statute of limitations. *See* ECF No. 23 at 2–9. Because removal was untimely, I do not reach a determination as to whether there is fraudulent joinder. However, I note for the record that this case is *flooded* with red flags, so there could be merit to UAIC's argument concerning fraudulent joinder. The red flags contribute to this court's reluctance to remand. This case appears to be yet another attempt by Lewis to take a bite of an apple that has not only been bitten, but also chewed, digested, and regurgitated repeatedly.

persuasive case law to assist the court in reaching its decision regarding the timeliness of removal. And UAIC's argument concerning fraudulent joinder seemingly has merit. So UAIC's decision to remove was objectively reasonable. *See Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005) (explaining that when an objectively reasonable basis exists, fees should be denied). Consequently, I deny Lewis's request for attorney fees.

**IV.     Conclusion**

IT IS THEREFORE ORDERED that Lewis's motion to remand **[ECF No. 16] is GRANTED.**

IT IS FURTHER ORDERED that the remaining motions **[ECF Nos. 4, 16, 19, 38, 40, 41] are DENIED as moot, without prejudice.**

IT IS FURTHER ORDERED that Lewis's request for attorney fees is DENIED.

The Clerk of Court is kindly instructed to remand Case No. A-25-920895-C to the Eighth Judicial District Court, Department 18, and to close this case.

The Clerk of the Court is further directed to send a copy of ECF Nos. 123, 150 in Case No. 2:18-cv-02269-JAD-BNW to the Eighth Judicial District Court, Department 18.

Dated: June 12, 2026

_____
Cristina D. Silva
United States District Judge