**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Gary Lewis,<br><br>      Plaintiff,<br><br>vs.<br><br>United Automobile Insurance Company, et al.,<br><br>      Defendants. | Case No. 2:25-cv-01893-CDS-MDC<br><br>**ORDER GRANTING MOTION TO STAY DISCOVERY (ECF NO. 41)** |

The Court has considered the defendants' *Motion to Stay Discovery* (ECF No. 41) ("Motion"). The Court **GRANTS** the Motion.

**I.  LEGAL STANDARD**

Federal courts have the "power to stay proceedings [it] is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). "The district court has wide discretion in controlling discovery[.]" *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 601 (D. Nev. 2011) (*citing Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988)). When considering a motion to stay discovery while a dispositive motion is pending, "this court considers the goal of Rule 1 of the Federal Rules of Civil Procedure which directs that the Rules shall 'be construed and administered to secure the just, speedy, and inexpensive determination of every action.'" *Tradebay*, 278 F.R.D. at 602 (*quoting* Fed. R. Civ. P. 1).

The Court may consider staying discovery pursuant to its inherent powers and discretion, together with the goals pronounced by Rule 1. The undersigned Magistrate Judge previously adopted the pragmatic approach when considering motions to stay discovery because a dispositive motion is

pending. *Aristocrat Techs., Inc. v. Light & Wonder, Inc.*, No. 2:24-CV-00382-GMN-MDC, 2024 WL 2302151, at *2 (D. Nev. May 21, 2024). The pragmatic approach considers only the following two elements: (1) if the dispositive motion can be decided without further discovery; and (2) good cause exists to stay discovery. *Id.*

## II.    DISCUSSION

This case pertains to plaintiff Gary Lewis's claims against his insurer United Automobile Insurance Company ("UAIC"), attorney Stephen Rogers, and the Rogers Mastrangelo Carvalho Mitchell, Ltd. law firm ("RMCM"), relating to alleged ongoing duties concerning insurance coverage, defense, prior judgments, and professional conduct. *ECF No. 41 at 2-4; ECF No. 44 at 2-4.*

Defendants move to stay all discovery until the Court resolves their pending motions to dismiss (ECF Nos. 4 and 19), which raise issues of standing, claim preclusion, issue preclusion, and the legal sufficiency of plaintiff's alleged damages in light of prior rulings by the Nevada Supreme Court and Ninth Circuit. *ECF No. 41 at 1-2.* Plaintiff opposes a stay, because he argues he needs the rest of his case file from attorney Rogers to support his motions for summary judgment, though he does not argue that he needs discovery to refute the motion to dismiss. *ECF No. 44.* Plaintiff also has a pending motion to remand and argues that this court lacks jurisdiction. *ECF No. 16.* Defendants argue the motions to dismiss are potentially dispositive, can be decided without discovery, and that a temporary stay would conserve resources whether the case is dismissed or remanded. *ECF No. 48 at 2-4.* Defendants argue that the facts that plaintiff filed summary judgment motions, while motions to dismiss remain pending, do not create an independent basis to deny a stay of discovery, particularly where the threshold defenses are a precursor to any merits determination. *Id. at 4.* Defendants also contend that plaintiff's concern about obtaining his client file can be addressed regardless of whether a discovery stay is in place, per professional or ethical obligations. *Id. at 3.*

Reviewing the Motion in the light most favorable to the plaintiff, the Court finds that the plaintiff will not be prejudiced by a short stay of discovery. Applying the pragmatic approach, the Court finds that the pending motions to dismiss can be decided without additional discovery and that good cause supports a stay to promote efficiency and reduce expense. The plaintiff does not argue that he needs discovery to defeat the motions to dismiss. The defendants, on the other hand, would be prejudiced if discovery commenced now because their motions to dismiss are directed to threshold legal issues that turn on the pleadings, prior rulings, and the procedural history already before the Court. It is early in the case and it would be more efficient to resolve these issues now, if possible. Plaintiff's argument regarding his pending motion to remand taking priority is further reason to stay discovery, because if this case is remanded, the state court can resolve the discovery issues in this case. The fact that plaintiff filed early motions for summary judgment further supports a stay, as plaintiff argues the absence of material facts (and by necessity discovery) warrant summary judgment. *See e.g., ECF Nos. 38 and 49.* . Plaintiff asserts prejudice from delay and from not yet having his complete client file pertaining to his summary judgment motion, but plaintiff does not argue that he needs discovery to defeat the Rule 12 motions *(ECF No. 44 at 3-4, 6-7).* and did not request discovery in connection with his summary judgment motions (*ECF Nos. 38 and 40*).

The pending motion to dismiss can be decided without discovery. Allowing the case to move forward would also prejudice the defendants given that plaintiff's claims, and discovery, may at least be narrowed which would decrease the expense of litigation. The Court also finds good cause to stay discovery until the Court resolves the issues the defendants raise in the motion to dismiss, and plaintiff's motion to remand. The Court finds staying discovery is appropriate in this case.

**IT IS ORDERED** that:

1. Defendants' *Motion to Stay Discovery* (ECF No. 41) is **GRANTED.**

2.  Discovery in this matter is **STAYED** pending resolution of defendants' motion to dismiss (ECF Nos. 4 and 19).

3.  If claims remain after the Court resolves the motions to dismiss (ECF Nos. 4 and 19), <u>within two weeks of the entry of the Court's order(s)</u>, the parties shall meet and confer and file a stipulated discovery plan and scheduling order incompliance with Local Rule 26-1.

Dated: June 15, 2026.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge