UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Gary Lewis,

Plaintiff

v.

United Automobile Insurance Company, et al.,

Defendants

Case No. 2:25-cv-01893-CDS-MDC

**Order Denying United Automobile Insurance Company's Motion to Stay Remand and Motion for Reconsideration, and Denying the Parties' Stipulation for an Extension of Time**

[ECF Nos. 53, 54, 55, 56]

Plaintiff Gary Lewis filed a legal malpractice claim against defendant Stephen Rogers and a breach of contract claim against United Automobile Insurance Company (UAIC) in state court on June 11, 2025. Compl., ECF No. 1-2. UAIC removed the action to this court on October 3, 2025, based on diversity of citizenship and asserted fraudulent joinder. Pet., ECF No. 1. Lewis filed a motion to remand, ECF No. 16, which I reluctantly granted on June 12, 2026, ECF No. 52.[1]

UAIC now moves this court to reconsider its order remanding the case to the Eighth Judicial District Court, asserting that the decision constitutes clear error under Federal Rule of Civil Procedure 60 and Local Rule 59-1. Mot. to reconsider, ECF No. 55. This motion is fully briefed. Resp., ECF No. 57; Reply, ECF No. 59. For the reasons set forth herein, UAIC's motion for reconsideration is denied.[2]

**I. Discussion**

UAIC filed a motion to reconsider. ECF No. 55. Among other grounds, Lewis opposes the motion to reconsider, arguing that because jurisdiction has already revested in the state court, this court lacks authority to reconsider the remand order. ECF No. 57 at 4 (citing *Seedman v.*

[1] In that same order, the court also denied as moot the motions at ECF Nos. 4, 16, 19, 38, 40, 41. On June 15, 2026, Magistrate Judge Maximiliano Couvillier entered an order granting ECF No. 41. Because the court had previously denied this motion to stay discovery, the order at ECF No. 53 is stricken from the record.

[2] Because the court denies UAIC's motion for reconsideration, and the order remanding this case to the Eighth Judicial District Court remains in effect, the court denies as moot UAIC's motion to stay case and the parties' stipulation for extension of time to file a reply in support of the plaintiff's motions for partial summary judgment.

*United States Dist. Court*, 837 F.2d 413, 414 (9th Cir. 1988) ("A remand order returns the case to the state courts and the federal court has no power to retrieve it." Once a certified copy of the remand order has been mailed to the state court, the district court is divested of jurisdiction) (citation modified)). In reply, UAIC argues that though 28 U.S.C. § 1447(d) limits the reviewability of remand orders, § 1447(d) "bars review only of a remand order that is based on a colorable § 1447(c) ground." ECF No. 59 at 2 (citing *Academy of Country Music v. Continental Casualty Company*, 991 F.3d 1059, 1061 (9th Cir. 2021). In other words, UAIC argues that because an appellate court has jurisdiction to consider whether a remand order is colorable, by extension this court must first have jurisdiction to consider its own decision for clear legal error. *Id.* at 3.

28 U.S.C. § 1447(d) states that a remand order is "not reviewable on appeal or otherwise." The Ninth Circuit has determined that "once a district court certifies a remand order to state court it is divested of jurisdiction and can take no further action on the case." *Seedman*, 837 F.2d at 414. Further, the Supreme Court has held that § 1447(d) must be read together with § 1447(c). *Thermtron Prods., Inc. v. Hermansdorfer*, 423 U.S. 336, 345–46 (1976), *abrogated on other grounds in Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706 (1996). Section 1447(d) precludes review of remands made pursuant to § 1447(c). *Id.* at 346; *Aguon-Schulte v. Guam Election Comm'n*, 469 F.3d 1236, 1240 (9th Cir. 2006). Indeed, the full text of § 1447(c) provides:

> A motion to remand the case on the basis of any defect **other than** lack of subject of matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal. **A certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court. The State court may thereupon proceed with such a case.**

28 U.S.C. § 1447(c) (emphasis added). "The first sentence of § 1447(c) 'consigns procedural formalities to the care of the parties.'" *Kelton Arms Condo. Owners Ass'n v. Homestead Ins. Co.*, 346 F.3d 1190 (2003). Procedural requirements exist primarily for the protection of the parties. *Id.* And an

untimely removal—like the one in this case—is considered a procedural defect. *Id.* at 1993 (citing *Maniar v. FDIC*, 979 F.2d 782, 786 (9th Cir. 1992)).

Because the court granted remand based on untimely removal,[3] and not based on lack of subject matter jurisdiction, the order addressing the motion to remand falls within the "review bar" of § 1447(d). So this court does not have jurisdiction to review UAIC's motion to reconsider.[4] Consequently, the defendant's motion to reconsider is denied.

## II. Conclusion

IT IS HEREBY ORDERED that the defendant's motion to stay remand **[ECF No. 54]** and motion for reconsideration **[ECF No. 55] are DENIED**.

IT IS FURTHER ORDERED that the parties' stipulation for extension of time **[ECF No. 56] is DENIED as moot.**

IT IS FURTHER ORDERED that the magistrate judge's order **[ECF No. 53] is STRICKEN**.

Dated: July 23, 2026

Cristina D. Silva
United States District Judge

---

[3] *See* ECF No. 52 at 6 n.7 (explaining that the court makes a finding that removal was untimely, so it does not reach a determination as to whether there is fraudulent joinder).

[4] *See PennyMac Loan Servs. LLC v. Mesi*, 2016 U.S. Dist. LEXIS 126521, at *2 (D. Nev. Sep. 16, 2016) (explaining that the court has been divested of jurisdiction and review of the remand order is unavailable because the remand was based on grounds falling within § 1447(c), which includes untimely removal and violation of the forum defendant rule); *Phoenix Container, L.P. v. Sokoloff*, 235 F.3d 352, 354 (7th Cir. 2000) (stating that untimely removal is precisely the type of removal defect contemplated by § 1447(c)).